IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LUCRETIA MOSES McAFEE; JESSE | ) | |
| MOSES; STARLENE MOSES JONES; | ) | |
| DEBORAH JAN BATTIEST-TOMASI; | ) | |
| BEVERLY BATTIEST NELSON; | ) | |
| KATHERINE BATTIEST BROWN; and, | ) | |
| and LARRY BATTIEST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-05-672-C |
| | ) | |
| DUKE ENERGY FIELD SERVICES, | ) | |
| L.P.; JAMES M. VOEGELI; and | ) | |
| EXXONMOBIL OIL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendants Duke Energy Field Services, L.P. and James M. Voegeli.  Plaintiffs filed a Response and this matter is now at issue.

Plaintiffs filed this action asserting claims for nuisance, trespass, ejectment, and unjust enrichment, allegedly arising as a result of the operation of a gas compressor station on their land.  According to Plaintiffs, the lease which granted permission to operate the compressor station expired February 17, 1995.  Plaintiffs assert that following expiration of the lease, the right to operate the compressor station on their land was extinguished and its continued presence constitutes a nuisance and a trespass.  Defendants Duke Energy Field Services L.P. ("DEFS") and Voegeli filed the present motion arguing Plaintiffs have failed to state a claim for relief.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well-established.  Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.  <u>Sutton v. Utah State Sch. for Deaf and Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

DEFS and Voegeli argue:  (1) that Plaintiffs have failed to state a claim against Voegeli individually, and (2) the limitations period has expired on Plaintiffs' trespass and nuisance claims and that Plaintiffs' fraudulent concealment claims do not prevent expiration of that limitations period.

A.  Statute of Limitations

DEFS argues Plaintiffs' claims for nuisance[1] and trespass must be dismissed because the limitations period for these claims is two years and they were not timely brought.  According to DEFS, Plaintiffs' Amended Complaint asserts the lease expired in 1995 and, therefore, when DEFS began using the plant in August of 1996, such use gave rise to a cause

---

[1]  DEFS argues that because Plaintiffs claim a trespass they cannot also assert a nuisance claim.  The Court disagrees.  "A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission . . . [i]n any way renders other persons insecure in life, or in the use of property . . . ."  50 Okla. Stat § 1.  Here, Plaintiffs have alleged facts demonstrating Defendants' conduct, apart from the presence of the plant, interfered with the use of their land.  Thus, Plaintiffs have pled facts which, if proven, will state a claim for nuisance.

of action which expired in August of 1998.  Because Plaintiffs' action was not filed until May of 2005, DEFS alleges it is untimely.

1.  Trespass

Plaintiffs agree that the limitations period for a trespass claim seeking damages is two years.  But, Plaintiffs argue, they are seeking equitable relief in addition to damages and therefore there is no limitations issue.  The Court agrees that Oklahoma law permits an equitable action to enjoin a trespass even after the expiration of the two-year period from the breaking of the close.  See Fairlawn Cemetery Ass'n v. First Presbyterian Church, 1972 OK 66, ¶ 15, 496 P.2d 1185, 1187 ("Church's encroachment upon the property of the Cemetery has continued for several years and it appears the church will continue its unauthorized use unless enjoined.  In such case the conduct of the church creates a continuing trespass which a court of equity will enjoin.").  Thus, to the extent Plaintiffs seek equitable relief, their claim is timely.  Plaintiffs' claim for monetary damages for trespass does not fare as well.  Oklahoma law is clear that a cause of action for trespass seeking monetary damages accrues with the breaking of the close.  See Magnolia Pipe Line Co. v. Polk, 1939 OK 41, ¶ 6, 90 P.2d 1076, 1076 ("We are of the opinion that the cause of action which the plaintiff presents is one of trespass quare clausum fregit, and that the cause of action was complete and accrued with the breaking of the close.").  Plaintiffs argue that because DEFS's entry onto the land was initially permissive, there was never a breaking of the close and therefore they were never on notice the entry was improper.  This argument is unpersuasive.  The attachments to Plaintiffs' Amended Complaint make clear that they were aware of the existence of the

lease and it terms.  Further, Plaintiffs were notified when the lease was extended in October 1989, to exercise the final five-year term, that the lease would expire by its own terms February 17, 1995.  Thus, Plaintiffs were clearly on notice that Defendants' use of their land after February 17, 1995, was beyond the scope of their permission.  Therefore, any claim the Plaintiffs had for that improper use of their land accrued at the expiration of the lease. Plaintiffs' argument that communications from Defendants worked to conceal their claims is without merit.  Plaintiffs have included these contacts within the text of the Amended Complaint and it is clear that the first contact was made well after the limitations period had expired.  Thus, the contacts could not establish that DEFS acted to prevent Plaintiffs from learning they had a valid claim.

In their Response, Plaintiffs argue that every entrance onto their property constitutes a new trespass.  Although it is less than clear, Plaintiffs' Amended Complaint can be read to support this claim.  Plaintiffs allege the continued operation of the plant.  If Plaintiffs prove that operation of the plant required entry onto the land within the two years immediately prior to filing this action, Plaintiffs would be entitled to recover damages for that trespass. However, any damages caused by that entry would have to be separate and apart from any damages related to the existence of the plant.  To the extent Plaintiffs seek monetary damages for trespass as a result of the presence of the gas plant on their land, those claims are barred by the statute of limitations.  However, Plaintiffs may still pursue a claim to enjoin the trespass and for any trespass by employees entering the land for operation of the plant.

4

Plaintiffs also argue they are entitled to recover for the continuing trespass of contamination to their land which occurs as a result of operation of the plant.  Plaintiffs argue they were unaware of the existence of this damage until August of 2003 when one of Defendants' contractors told them he had been hired to test the groundwater.[2]  The Court finds that this claim is distinct from Plaintiffs' claim for the continuing presence of the plant.  To the contrary, this allegation alleges a separate injury to Plaintiffs' land.  The allegations are clear that even were the plant removed from the property, the contamination complained of would continue.  Thus, Plaintiffs' claim did not accrue at the "breaking of the close;" rather, it accrued when the damage became apparent.  See Harper-Turner Oil Co. v. Bridge, 1957 OK 124, ¶ 5, 7, 311 P.2d 947, 949-50:

> [12 Okla. Stat.§ 95(3)] provides that an action for trespassing on real property can only be brought within two years after the cause of action shall have accrued.  It is well settled that the cited statute is applicable to actions of this type.  However, it is equally well settled that the two year period of limitations does not commence to run against a cause of action for permanent damage to real property until the damage is apparent and it becomes obvious that such damage is of a permanent character.
>  . . .
> [T]he question of when it became apparent to plaintiffs or would have been apparent to a reasonable person under the same circumstances, that the injury and damage to their water well was permanent, was a question of fact . . . .

Thus, DEFS's motion will be denied on Plaintiffs' trespass/contamination claim.

---

[2] While the Amended Complaint does not offer these facts, it does allege the contamination of the land and groundwater has been continuous during the plant's operation.

2.  Nuisance

DEFS does not offer any specific argument other than citing to 12 Okla. Stat. § 95 and asserting the statute of limitations is two years.  While DEFS accurately states the law, it fails to offer any argument asserting when that two-year period began or explain how the allegations in Plaintiffs' Amended Complaint establish that the claim is time barred.  Oklahoma law measures the accrual of a nuisance claim in two ways, depending on whether the damages are temporary or permanent.  See N.C. Corff P'ship, Ltd. v. OXY USA, Inc., 1996 OK CIV APP 92, ¶ 15, 929 P.2d 288, 293.

> The statute of limitations applicable to nuisance claims in Oklahoma is two years.  To the extent damages caused by a nuisance are temporary in nature--i.e., damages reasonably capable of abatement--they will be held not permanent and the statute will not begin to run until injury is suffered.  See Elk City v. Rice, 286 P.2d 275 (Okla. 1955); City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867 (1913); Haenchen v. Sand Products Co., 626 P.2d 332 (Okla. Ct. App. 1981).  Recoverable damages are limited to the two years immediately preceding the filing of the action, however.  If the nuisance is not abatable (i.e., is permanent), then the statute begins to run at such time as it becomes obvious and apparent that the land in question has been permanently damaged.  See Skelly Oil Co. v. Humphrey, 195 Okla. 384, 158 P.2d 175 (1945); Shell Oil Co. v. Vanderslice, 192 Okla. 690, 138 P.2d 841 (1943).

Further, Oklahoma applies the discovery rule when determining the accrual date for the statute of limitations in a nuisance case.  Id. at ¶ 16.  Because Plaintiffs' nuisance claims must necessarily arise from conduct other than the mere existence of the plant, it cannot be said those claims accrued at the expiration of the lease.  Rather, it must be determined when Plaintiffs learned of the damage and its character.  Consequently, DEFS's motion to dismiss will be denied on this issue.

### 3.  Unjust enrichment

DEFS argues Plaintiffs' unjust enrichment claim must fail, as the statute of limitations for that cause of action is three years.  However, DEFS's argument is limited to asserting the claim accrued in August of 1996 and was therefore barred in August of 1999.  Plaintiffs do not directly address the unjust enrichment limitations period.  Rather, they make a general unsupported argument that limitation questions should not be resolved by motions to dismiss. Plaintiffs do raise an argument that 41 Okla. Stat. § 19 and/or 23 Okla. Stat. § 62 extends their right to recover to six years.[3]  However, the Amended Complaint does not reference either statute or plead facts which would put Defendants on notice that Plaintiffs were pursuing claims under either statute.  Thus, these statute are of no assistance to Plaintiffs on this claim.  Nevertheless, in the absence of any argument or authority from DEFS supporting its position, the Court cannot say Plaintiffs have failed to state a claim for unjust enrichment.

### B.  Defendant Voegeli

Voegeli argues the claims against him cannot stand, as he is simply an employee of DEFS and cannot be held individually liable for the torts of his employer.  In response, Plaintiffs argue the Amended Complaint alleges that Voegeli directed and continues to direct all conduct of Duke Energy described herein and is the person responsible for Duke Energy's operation of the gas plant and thus their allegations are sufficient to state a claim.  In their

---

[3]  The Court notes that 41 Okla. Stat. § 19 does not contain a limitations period and 23 Okla. Stat. § 62 appears to set a method for measuring damages rather than creating a cause of action. Rather, if a claim is made for damages as provided by § 62 it would be one to recover real property and therefore applicable to Plaintiffs' claim for ejectment.  See Campbell v. Dick, 1918 OK 675, 176 P. 520.  There is no argument before the Court that that claim is time barred.

response brief, Plaintiffs clarify that their claims against Voegeli are for trespass and contamination/nuisance.

As noted *supra* at p. 4, to the extent its seeks monetary damages from the operation of the plant, Plaintiffs' claim for trespass is barred by the statute of limitations.  To the extent Plaintiffs can prove that Voegeli entered onto their land knowing that entry was unauthorized, Plaintiffs have stated a claim against Voegeli for trespass and Voegeli's motion on this issue will be denied.

As for Plaintiffs' claim for nuisance, contrary to Voegeli's argument, Oklahoma has recognized that a claim for nuisance may be pursued against an employee as well as the employer.  See Duncan v. Flagler, 1942 OK 348, ¶ 7, 132 P.2d 939, 941 ("We therefore hold that C. R. Duncan, the manager of this business, was legally liable in a civil action for damages for his part in the maintenance of this nuisance.").  Thus, Voegeli's motion will be denied to the extent it seeks to dismiss Plaintiffs' nuisance claims against him.

As set forth more fully herein, Plaintiffs' trespass claim for monetary damages related to the existence of the gas plant on their land is barred by the statute of limitations and therefore dismissed as to Defendants DEFS and Voegeli.  However, Plaintiffs may maintain an equitable claim to enjoin the trespass and may maintain a claim against any employees for their trespass.  Plaintiffs' have pled facts which if proven would establish their claims for nuisance and unjust enrichment; therefore, DEFS and Voegeli's motion to dismiss will be denied as to those claims.  Accordingly, the Motion to Dismiss of Defendant Duke Energy

Field Services, L.P. and James M. Voegeli (Dkt. No. 40) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 25th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge